UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JASON DUNKELBERGER,<br><br>Petitioner,<br><br>vs.<br><br>DARIN YOUNG, WARDEN; AND THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 4:20-CV-04117-RAL<br><br><br>OPINION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS |

On July 7, 2020, Petitioner Jason Dunkelberger filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondents move to dismiss the petition, and Dunkelberger opposes that motion. Docs. 7, 10. This Court now grants the motion to dismiss.

**I.  Factual Background**

On November 3, 2016, a jury found Dunkelberger guilty of First-Degree Robbery under SDCL §§ 22-30-1 and 22-30-6. Doc. 8-1 at 1. Dunkelberger received a twenty-five-year sentence of imprisonment to run consecutive with a sentence from a previous conviction. Doc. 8-1 at 1. Dunkelberger appealed, and the Supreme Court of South Dakota affirmed the trial court outcome. State v. Dunkelberger, 909 N.W.2d 398, 401 (S.D. 2018); Doc. 8-2.

Dunkelberger filed a pro se petition in state court for writ of habeas corpus and alleged that: (1) his counsel was ineffective for failure to object to statements made by the state regarding photographs; and (2) the detective did not look for the real suspect. Doc. 8-3 at 3. Counsel was appointed to Dunkelberger to represent him on his first state petition for writ of habeas corpus.

Doc. 8-4. His counsel filed an amended petition claiming that his sentence was in violation of the Eighth Amendment. Doc. 8-4. The amended petition did not raise the claims Dunkelberger asserted in his pro se petition. Compare Doc. 8-3 with Doc. 8-4. Respondents' motion for summary judgment was granted. Doc. 8-10. Dunkelberger did not move for a certificate of probable cause to appeal. See Docs. 8, 10.

On June 4, 2020, Dunkelberger filed a second state petition for writ of habeas corpus. Doc. 8-11. He alleged that his habeas counsel was ineffective because counsel "failed to plead the issue presented by petitioner in his pro se petition" and failed to raise a claim of ineffective assistance of counsel concerning his trial court counsel not objecting to certain photographs. Doc. 8-11 at 2. On June 25, 2020, Judge Douglas E. Hoffman denied Dunkelberger leave to file a successive habeas petition. Doc. 8-12 at 3. Dunkelberger's motion for a certificate of probable cause was subsequently denied. See Docs. 8-13, 8-14.

Dunkelberger now has filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. He asserts that his trial counsel was ineffective for not objecting to the photographs of his footprints. Doc. 1. Respondents argue that his claim is procedurally barred because he did not seek a certificate of probable cause after his first state habeas petition was denied. Doc. 8 at 1. Dunkelberger does not contest that he did not move for a certificate of probable cause when his first state petition was dismissed, but he asserts that his habeas counsel did not tell him that he needed to do so. Doc. 10. Respondents have moved to dismiss for Dunkelberger's failure to exhaust state court remedies. Docs. 7, 8.

**II.  Discussion**

Under South Dakota law, when a state petition for writ of habeas corpus is denied, the petitioner must seek a certificate of probable cause to appeal from the circuit court within thirty

days from the date of the final judgment or when the order is entered. SDCL § 21-27-18.1. If the motion is not timely, it must be denied. See Hannon v. Weber, 638 N.W.2d 48, 50 (S.D. 2001). If the circuit court refuses a timely filed certificate of probable cause, the petitioner must file a "separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal." SDCL § 21-27-18.1.[1]

Respondents argue that Dunkelberger did not file a certificate of probable cause after the circuit court entered its judgment against him in his first state habeas action; thus, his claim is procedurally barred. Doc. 8 at 4–5. A petitioner's failure to properly exhaust state court remedies "in accordance with state procedure results in procedural default of the prisoner's claim." Welch v. Lund, 616 F.3d 756, 758 (8th Cir. 2010) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).[2] A petitioner's procedurally defaulted claim is barred from federal review unless there is a showing of (1) cause and prejudice or (2) actual innocence. Grass, 643 F.3d at 584. Dunkelberger claims that his appointed habeas counsel did not tell him that he needed to file a certificate of probable cause after his first state habeas petition was dismissed. Doc. 10. Because Dunkelberger's allegations do not support an "actual innocence" review, this Court will consider whether Dunkelberger has shown cause and prejudice.

To establish the "cause" element of the cause and prejudice test, the petitioner must show that there was "something external to the petitioner" that prevented him from complying with the state's procedural rules. Coleman v. Thompson, 501 U.S. 722, 753

---

[1] Under SDCL § 21-27-18.1, "[a] final judgment or order entered under this chapter may not be reviewed by the Supreme Court of this state on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists."
[2] A petitioner can allege that state court remedies are unavailable to him or her. See Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011). Dunkelberger does not assert that remedies were unavailable to him but agrees that he failed to exhaust his state court remedies. See Doc. 10.

3

(1991). In other words, the petitioner must establish "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

In Martinez v. Ryan, the United States Supreme Court held that when a petitioner cannot raise a claim of ineffective assistance of trial counsel on his direct appeal and his state habeas counsel was himself ineffective, then procedural default does not bar a federal habeas court from hearing the petitioner's ineffective assistance claims. 566 U.S. 1, 14 (2012). The Supreme Court in Martinez held that inadequate assistance of counsel at the state habeas proceedings may establish cause to preserve an ineffective assistance of trial counsel claim. Id. The Eighth Circuit has characterized Martinez as establishing this narrow exception to the Coleman rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Dansby v. Hobbs, 766 F.3d 809, 828 (8th Cir. 2014) (quoting Martinez, 566 U.S. at 17). Martinez applies to situations where "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." Dansby, 766 F.3d at 829 (quoting Trevino v. Thaler, 569 U.S. 413, 428 (2013)). In South Dakota, "[i]neffective-assistance-of-counsel claims are generally not considered on direct appeal, because it is only through habeas corpus that a sufficient record can be made to allow the appropriate review." State v. Craig, 850 N.W.2d 828, 838 (S.D. 2014) (citations omitted).

Here, Dunkelberger asserts that his appointed habeas counsel was ineffective because he did not tell Dunkelberger that he needed to file a certificate of probable cause to appeal from denial

4

of his first state habeas petition. Doc. 10. Because South Dakota generally only allows for ineffective assistance claims to be filed through habeas petitions and not on direct appeal, the Martinez exception can be considered. See Dansby, 766 F.3d at 829. Even if Dunkelberger's first state habeas counsel was ineffective under the Martinez exception to establish "cause" for procedural default, Dunkelberger still needs to show "prejudice" in order for his procedurally defaulted claim to be heard. See Grass, 643 F.3d at 584.

The burden rests on the petitioner to prove prejudice. Armstrong v. Kemna, 590 F.3d 592, 606 (8th Cir. 2010). To demonstrate prejudice, a petitioner must show the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). The requisite showing of prejudice to overcome procedural default is higher than the standard required to establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 688–691 (1984). Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995) (citation omitted). In Armstrong, the Eighth Circuit concluded that because petitioner did not demonstrate prejudice under Strickland, it "necessarily followed" that he failed to establish prejudice to overcome the procedural default. Armstrong, 590 F.3d at 606. Therefore, if Dunkelberger cannot show error under the Strickland standard, he cannot meet the level of prejudice required to overcome his procedural default.

To show prejudice under Strickland, Dunkelberger must show "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." 466 U.S. at 695. Dunkelberger concedes that he failed to exhaust his state court remedies regarding the claim in this current petition but alleges that his claim should not be procedurally barred. Doc. 10 at 2. Dunkelberger asserts that his appointed habeas counsel disregarded the issues

he presented in his pro se petition. Doc. 10 at 2. Specifically, he claims that counsel did not include his ineffective assistance of counsel claim that his trial counsel's failure to object to the "introduction of photographs of footprints without proper foundation" but rather proceeded with a disproportionate sentence claim. Doc. 10 at 2. Further, Dunkelberger claims his habeas counsel did not inform him that he should appeal the circuit court's order granting Respondents' motion for summary judgment or file a certificate of probable cause. Doc. 10 at 2.

Dunkelberger has not shown that if his trial counsel would have objected to the foundation of the photographs, that the factfinder would have had reasonable doubt. See Strickland, 466 U.S. at 687–88. The Supreme Court of South Dakota in Dunkelberger's direct appeal thoroughly explains the evidence against Dunkelberger, including testimony of Dunkelberger's accomplice and Dunkelberger's own statements, in holding that admission of surveillance video, even if erroneous, was harmless error. Dunkelberger, 909 N.W. 2d at 399–401; Doc. 8-2. It is Dunkelberger's burden to establish prejudice, and he has not met this burden. Because Dunkelberger has not shown prejudice under Strickland, it "necessarily follow[s]" that he has failed to establish prejudice to overcome his procedural default. See Armstrong, 590 F.3d at 606. Because Dunkelberger has not established cause and prejudice, his claim is procedurally defaulted. Respondents' motion to dismiss, Doc. 7, is granted.

### III.    Certificate of Appealability

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge." Id. at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that Dunkelberger has failed to make a substantial showing that his constitutional rights were denied because his claims have not been exhausted in state court and are procedurally barred. Thus, a certificate of appealability is not issued. See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

Therefore, it is

ORDERED that the Respondents' motion to dismiss, Doc. 7, is granted. It is finally

ORDERED that based upon the reasons stated and under Fed. R. App. P. 22(b), the Court finds that Dunkelberger has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

DATED this 11th day of March, 2021.

BY THE COURT:

                                                                     ROBERTO A. LANGE
                                                                     CHIEF JUDGE